## GRANGER v. CLIFFORD H. KING, Inc., et al.

### No. 2004.

Court of Appeal of Louisiana.   First Circuit.

Oct. 4, 1939.

J. Oliver Bouanchaud, of Baton Rouge, for appellants.

Jones & Stewart, of Baton Rouge, for appellee.

LE BLANC, Judge.

George J. Granger, the plaintiff herein, seeks to recover damages for repairs to his Chevrolet truck which was involved in a collision with a truck belonging to the defendant Clifford H. King, Inc.

Plaintiff's truck was being driven south on Plank Road, several miles north of the City of Baton Rouge, at about 8:50 o'clock on the morning of July 18, 1938. It had delivered material and was on its return to the City of Baton Rouge. The truck of Clifford H. King, Inc., was being driven by one of its employees, going north, and was loaded with lumber. This truck was insured against public liability by the American Employers Insurance Company which is also made a party defendant in the suit. This truck will hereafter be referred to as the King truck.

The plaintiff claims that the King truck left its side of the paved portion of Plank Road and ran over and across the center stripe on the pavement to strike his truck, causing the damages complained of. The repairs are itemized in detail and they amount to the sum of $170.71 which comprises the entire demand made against both defendants.

The defendants filed a joint answer in which they explained the accident as having happened as follows: There were two boys riding the same bicycle ahead of the King truck; the driver gave these boys warning that he intended to pass them when he was 75 feet from them and then pulled slightly to his left to pass ahead and had partly gone by them and was already turning back to his right hand side of the road when the driver of plaintiff's truck ran into and collided with the rear end of his truck. It is averred that the driver of the King truck had blown his horn when 175 feet distant from plaintiff's truck which gave the driver of that truck plenty time to anticipate his movement and see that he was going to pass ahead of the boys on the bicycle. The defendants charge that the collision was caused by the negligence of the driver of the plaintiff's truck who ran into the King truck and defendant, Clifford H. King, Inc. reconvenes and asks for damages against the plaintiff for repair to its truck in the sum of $65.34.

In the alternative both defendants plead contributory negligence on the part of the driver of plaintiff's truck on his failure to have pulled his truck to the right on seeing the King truck near or on the black center stripe, which would have given him ample room to pass, and his further failure to keep a proper lookout and thereby see that the King truck was about to pass the boys on the bicycle.

Upon trial of the case in the lower court upon the issues as thus made up there was judgment in favor of the plaintiff for the full amount of his demand. Both defendants have appealed.

A careful reading of the record discloses that purely a question of fact is involved in the case, and from the facts adduced, we feel convinced that the collision took place on the west side of the center stripe in the pavement which would be on the left hand side of the driver of the King truck. As a matter of fact, the driver himself concedes that the body of his truck must have been west of the center stripe as he says that the wheels were on the stripe. We think that the preponderance of the testimony shows that the King truck was from 12 to 18 inches over on the west side of the stripe. We believe that the testimony shows that the impact was between the left front portions of the two trucks and that plaintiff's truck did not strike the other towards the rear as claimed by the driver of the King truck.

Counsel for defendants makes much of what he contends is a discrepancy which appears between the testimony of the driver of the plaintiff's truck and a statement given by him to the adjuster of the insurance company shortly after the accident. He contends that in that statement the driver convicted himself of negligence by having stated that the King truck had already passed ahead of the boys on the bicycle and was pulling to its right when the two trucks collided. We do not attach much importance to the alleged discrepancy as really it does not appear to be as great as counsel contends it is. As a matter of fact, from the statement itself it would appear that the King truck could not have entirely passed the boys at the moment of the impact as it is therein shown that some of the lumber was thrown from the truck by the force of the impact and fell on and struck the boys on the bicycle.

We are satisfied that the negligence of the driver of the King truck has been amply shown by the testimony and it is our opinion that the driver of the plaintiff truck had the right to assume that the other driver would slow down and take the necessary precaution to remain behind the two boys on the bicycle until the two trucks had passed each other. That is certainly the rule in the law of automobile driving which is imposed on the driver of a vehicle following another and we believe that it applies as well to one following a bicycle on the highway.

We find no error to justify a reversal of the judgment appealed from and it is accordingly affirmed at the costs of the appellants.